IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ARMANDO CORREA | § | |
| | § | |
| V. | § | A-12-CA-445 LY |
| | § | (A-11-CR-048(1) LY) |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are: Armando Correa's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Clerk's Doc. No. 46); the Government's Response (Clerk's Doc. No. 51); and Petitioner's Objection to Government's Response (Clerk's Doc. No. 52)

I. BACKGROUND

On March 18, 2011, Movant Armando Correa ("Correa") was charged in a one-count superseding information with possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a controlled substance, contrary to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and in violation of 18 U.S.C. § 2.  On March 23, 2011, pursuant to a plea agreement, Correa entered a plea of guilty to the one-count superseding information.  On May 23,

2011, the district judge sentenced Correa to a 121-month term of imprisonment, followed by a three-year term of supervised release, and ordered that he pay a $100 mandatory assessment fee. He did not file a direct appeal.

On May 18, 2012, Correa filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, which the Court now addresses.

## II. ANALYSIS

Correa asserts the following grounds for habeas relief: (1) his counsel provided ineffective assistance of counsel by failing to properly investigate his case so that he would have been able to argue before the court that he was forced to sell drugs to the informant; and (2) he was subjected to entrapment.

### A.   Ineffective Assistance of Counsel Claim

Correa first argues that his counsel was ineffective at trial because he failed to investigate his case and did not argue that Correa was entrapped when he was contacted and induced into selling drugs by an informant.

Ineffective assistance of counsel claims may generally be heard under a section 2255 motion. *See United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). However, to prevail on a claim of ineffective assistance of counsel, Correa must prove that (1) his counsel's actions fell below an objective standard of reasonableness and (2) his counsel's ineffective assistance was prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first prong of the *Strickland* analysis requires a showing by Correa that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* In evaluating counsel's performance, the court is to presume that the attorney's actions are encompassed within

the wide range of reasonable competence and fall under the ambit of trial strategy. *See Strickland*, 466 U.S. at 689. Correa may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." *Id.* at 690.

Under the second prong of the *Strickland* test, Correa must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. To satisfy the prejudicial prong of the *Strickland* test, Correa must establish that he would have received less time in prison. *See United States v. Grammas*, 376 F.3d 433, 438 (5th Cir. 2004). If Correa fails to establish either prong of the *Strickland* test, then his claim of ineffective assistance of counsel must fail.

Correa argues that counsel failed to investigate and present the defense of entrapment in his case. In response, the Government has submitted the affidavit of John Stephen Toland, Correa's defense counsel. Clerk's Doc. No. 51, Exh. A. In his affidavit, Toland states that he investigated all possible defenses and at no time felt that Mr. Correa had a meritorious entrapment defense. Toland's account, which matches Correa's, was that Correa told him that Correa, who had previously been convicted of a drug offense, was left a note by an old friend. When Correa contacted the old friend, the friend requested Correa to help him locate methamphetamine, which Correa agreed to do. The old friend was a government informant, and when the drugs were delivered, Correa was arrested. Toland states that Correa was focused on accepting responsibility for his crime in order that his wife, who was also charged, would receive probation, which she ultimately did. Toland explains in his

affidavit that at no time did Correa express to him that he felt set up, or coerced into illegal activity by his friend.

An entrapment defense requires a showing of "government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct." *Mathews v. United States*, 485 U.S. 58, 63 (1988). Testimony that "a government agent solicited, requested, or approached the defendant to engage in a criminal conduct, standing alone, is insufficient to constitute inducement." *United States v. Nguyen*, 413 F.3d 1170, 1179 (10th Cir. 2005). In this case, Correa simply asserts that he was solicited to commit a crime by an "old friend," who turned out to be a government informant. The evidence in Correa's PSR shows that prior to his arrest, Correa was reported as a methamphetamine supplier in the Austin area. Additionally, Correa had no difficulty tapping his supply in order to acquire two pounds of methamphetamine to sell to the informant; and when arrested, additional methamphetamine was found in his vehicle. There is no evidence offered by Correa of coercion or that he was not a ready participant in the crime. A trial attorney has a duty to investigate the facts and defenses available to a criminal defendant, but the "duty to investigate is tempered by the information provided to counsel by the defendant." *Carter v. Johnson*, 131 F.3d 452, 465 (1997). Given the evidence before the Court, counsel's failure to raise the defense of entrapment was appropriate trial strategy. Correa has presented no facts or evidence to suggest that an entrapment defense was meritorious or appropriate in this case. Correa has not shown that counsel's representation regarding the entrapment defense was deficient.

Additionally, Correa has failed to show prejudice. "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999). "Rather, the defendant must demonstrate that the prejudice rendered sentencing

'fundamentally unfair or unreliable.' " *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)). Because of the lack of merit supporting a defense of entrapment, Correa cannot demonstrate that had he insisted on going to trial and offering an entrapment defense, the result would have better. Indeed, it would likely have been worse, as Correa would have lost the benefit of an acceptance of responsibility adjustment to his guideline calculation. Accordingly, Correa's claim of ineffective assistance of counsel fails.

### B. Entrapment

Correa also argues that he should be granted habeas relief because he was entrapped. However, entrapment is a non-jurisdictional defense on the merits that is waived by a guilty plea. *United States v. Sarmiento*, 786 F.2d 665 (5th Cir. 1986) ("Entrapment, a defense on the merits, was waived by the guilty plea."); *United States v. Yater*, 756 F .2d 1058, 1063 (5th Cir.), *cert. denied*, 474 U.S. 901 (1985) ("Appellant entered a guilty plea, which effectively waived his right to the defense of entrapment."). The defense of entrapment furthermore may not be raised by collateral attack under § 2255. *Moore v. United States*, 334 F.2d 25, 27 (5th Cir.1964) (concluding that entrapment is a defense that must be raised at trial, and a claim of entrapment "comes too late, when, as here, it is sought to be raised by collateral attack under Section 2255"). Because the issue was waived by his guilty plea, and may not be raised on collateral review, Correa's entrapment claim fails.

### III. RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DENY** Armando Correa's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Clerk's Doc. No. 46) **WITH PREJUDICE.**

### IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under section 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the District Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a District Court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the District Court's assessment of the constitutional claims debatable or wrong." *Id.* "When a District Court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the District Court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of the movant's section 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 12th day of September, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE